UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETRA GONZALEZ-GARCIA,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

Case No. C26-4161-MLP

ORDER DENYING SECOND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Petitioner Petra Gonzalez-Garcia's Second Emergency Motion for Temporary Restraining Order ("TRO") (dkt. # 9) supported by a declaration from Petitioner's Counsel Jennifer Lesmez (dkt. # 10 ("Lesmez Decl.")). Respondents filed an Opposition (dkt. # 13) supported by declarations from Deportation Officer Nhat Truong (dkt. # 14 ("Truong Decl.)) and their counsel Alixandria K. Morris (dkt. # 15 ("Morris Decl.)). Petitioner filed a reply (dkt. # 16.) Having reviewed the submissions and the governing law, the Court DENIES the Motion for TRO (dkt. # 9).

## I. BACKGROUND

Petitioner is a native and citizen of Mexico who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center

("NWIPC") in Tacoma, Washington. (Lesmez Decl., ¶ 2.) On October 27, 2026, Petitioner was detained by ICE in Ferndale, Washington at a scheduled ICE check-in. (*Id.* ¶¶ 4-5.) Petitioner subsequently filed an emergency petition for writ of habeas corpus (dkt. # 1) and first emergency motion for TRO (dkt. # 2). The Court denied Petitioner's first TRO upon issuing the standard Scheduling Order (dkt. # 5)[1] and Petitioner's habeas petition will be ripe on November 17, 2026. (*Id.*)

On November 2, 2026, Respondents filed a Notice of Imminent Removal, indicating Respondents intend to remove Petitioner imminently to Mexico. (Dkt. # 8.) The next day, Petitioner filed the instant motion. (Dkt. # 9.)

## II. DISCUSSION

Petitioner's TRO seeks to preserve the status quo until her petition can be resolved on the merits. (Dkt. # 9 at 1.) Specifically, she seeks to temporarily restrain and enjoin Respondents from removing her from the United States or from transferring her outside of the Western District of Washington until further order of this Court. (Dkt. # 9-1 at 1-2.) Respondents argue that Petitioner's requested relief exceeds the Court's jurisdiction because her motion asks the Court to interfere with the government's execution of a final order of removal. (*See* dkt. # 13 at 1-2 (citing, *inter alia*, the jurisdiction-stripping statute 8 U.S.C. § 1252(g).) Respondents further argue Petitioner has not shown a likelihood of success on the merits of her petition. (*Id.* at 2.) The parties fully brief the factors for granting a restraining order in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008) and analyze the petition's underlying due process claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976), but come to different conclusions. (Dkt. # 9 at 3-6;

[1] The parties consented to proceed before this Magistrate Judge. (Dkt. # 6.)

dkt. # 13 at 6-12.) Here, the Court agrees with Respondents that Petitioner has not shown a likelihood of success on the merits, and thus entry of a TRO is not warranted.

A TRO, like any preliminary injunctive relief, "is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing and quoting *Winter*, 555 U.S. at 20).

Here, Petitioner has not established a likelihood of success on the merits; the most important factor. *See California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018). The parties agree that Petitioner is subject to a final order of removal, which Respondents were actively working to execute at the time of Petitioner's detention and filing of her writ. (Dkt. # 16 at 2; Truong Decl., ¶¶ 13-15.) Petitioner's applications for relief from removal were denied in October 2018, as well as her appeal of that denial to the Board of Immigration Appeals. (*Id.* ¶¶ 5-9.) Though Respondents granted Petitioner a stay of removal on October 21, 2025, that stay was only granted until October 24, 2026. (*Id.* ¶¶ 10-13.) Only a few days after the expiration of her stay of removal, on October 27, 2026, Respondents took Petitioner into custody to effectuate her removal. (*Id.* ¶ 13.) While a noncitizen who has been released to live in the United States does possess a liberty interest, that liberty interest is reduced where they are subject to a final order of removal that can be timely effectuated. *Saechao v. Scott*, 2026 WL 626765, at *4 (W.D. Wash. Mar. 5, 2026). Nor has Petitioner shown a high risk of erroneous deprivation, where additional

procedural safeguards would be valuable. Petitioner's redetention did not stem from an unadjudicated violation of release conditions or an unexpected encounter with ICE, but rather days after the stay of her removal was lifted—a date of which Petitioner had notice when ICE Enforcement and Removal Operations granted her request. It is thus unlikely Petitioner will succeed on the underlying merits of her habeas petition.

## III. CONCLUSION

For these reasons, the Court DENIES Plaintiff's motion for a TRO. (Dkt. # 9.)

Dated this 13th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge